Guy GILBERT, d/b/a Gilbert Construction Company, Appellant,

v.

Peter G. ZAMARELLO and Patricia Zamarello, Appellees.

No. 1213.

Supreme Court of Alaska.

Dec. 4, 1970.

Robert M. Libbey and Robert M. Goldberg, Kay, Miller & Libbey, Anchorage, for appellant.

No appearance for appellees at hearing.

Joseph L. Young, Anchorage (attorney of record), for appellees.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

OPINION

DIMOND, Justice.

Appellant brought this action to recover from appellees the value of labor, services and materials furnished by appellant in the

building or construction of certain projects for appellees. On appellant's first claim in his complaint, which was for a sum in excess of $19,000, the trial judge awarded appellant approximately $3,500. Appellant's second claim, which was for $1,960, was dismissed by the trial judge on the ground that appellant had failed to establish the claim by a preponderance of the evidence. Appellant has appealed only with respect to the dismissal of the second claim.

When appellant came to testify as to the second claim, his counsel asked him whether he had a positive and precise recollection of what constituted the $1,960 he was demanding. Appellant replied that he did not, that it consisted generally of repair work, and that he could not be explicit on it without checking figures he had made at the time the work was being done. He said that he had "kept some of those figures around as to the amount of hours that was spent on the job and later transformed them all onto a statement."

Appellant's counsel then handed him a single sheet of paper, Plaintiff's Exhibit No. 9 for Identification, containing a list of six different buildings appellant had purportedly worked on for appellees, which showed the number of hours of labor for each of the projects. The total of the labor costs, as shown on the exhibit, came to $1,960. Counsel asked appellant whether, if he had this list to examine, he would be able to swear to the work that he had actually performed which made up the second claim in his complaint. Appellant stated that he could, and identified the exhibit as a list he had prepared as "to the amount, the places and the work that was done" in respect to the second claim.

Counsel then asked the court to permit appellant to refresh his recollection from the exhibit as to "the precise services that were represented" in the $1,960 claim. Before the court ruled on this request, counsel for appellees was permitted to examine appellant. Appellant then testified that at the time he had done the work involved in the second claim, he wrote the figures down, that he did not have all of those figures because he had turned some of them in as bills to appellee Peter Zamarello, that part of the figures were used to make up Plaintiff's Exhibit 9 for Identification, that some of the figures might be at his house, but he did not know for sure, that Plaintiff's Exhibit 9 for Identification had been prepared by appellant "quite a while ago", and that he did not remember the exact date the exhibit was prepared but believed it was after this suit had been filed.

A discussion then ensued among both counsel and the judge as to the use of the exhibit. The judge ruled that the exhibit could not be used by appellant on the ground that it did not meet the requirements of Civil Rule 43(g) (9) regarding the use of a writing by a witness.

The rule involved, Civil Rule 43(g) (9), provides:

[a] A witness may refresh his memory respecting a fact by anything written by himself or under his direction at the time when the fact occurred or immediately thereafter, or at any other time when the fact was fresh in his memory and he knew that the same was correctly stated in the writing. Any such writing may be inspected by the adverse party who may cross examine the witness and read the writing to the jury.

[b] A witness may also testify from such a writing even though he retains no recollection of the particular facts. In such a case the evidence shall be received with caution.

Appellant contends on this appeal that the rule was misapplied or misinterpreted by the trial judge, and that he erred when he refused to allow appellant recourse to the exhibit to refresh his memory as to what made up the second claim of his complaint.

From appellant's testimony it is clear that the exhibit had been written by him. That much of the rule is satisfied. But it was also necessary to show that the exhibit was written either (a) at the time when the fact occurred or immediately thereafter, or (b) at any other time when the fact was

fresh in appellant's memory and he knew that the fact was correctly stated in the exhibit. Here the requirements of the rule have not been met.

The time when "the fact occurred" is the time when the work was done. Appellant did not testify as to when the work was done, and he points to no other evidence from which that time can be ascertained. He did not know when the exhibit was prepared. All he could say was that it was sometime after the suit had been filed. There is no way to ascertain the lapse of time between the performance of the work and the preparation of the exhibit. It is not possible from the evidence on hand to reach a conclusion that the exhibit was prepared at the time the work was performed or immediately thereafter.

Since that conclusion is not possible, it was incumbent upon appellant, in order to justify operation of subdivision [a] of Civil Rule 43(g) (9), to show that the exhibit was prepared at some other time when "the fact was fresh in his memory and he knew that the same was correctly stated in the writing." Appellant fails to show this. We cannot tell from the record what appellant's recollections were, at the time he prepared the exhibit, of the work he claimed to have done at some indefinite earlier time. Appellant did say he made some figures at the time he did the work, and that some of them were turned in to Zamarello and a part of them were kept by appellant in making up the exhibit. But that is as far as appellant went. He did not indicate to what extent any writings he had made contemporaneously with the work were used to make up the exhibit. The exhibit shows six different jobs appellant may have worked on. From the evidence it is not possible to determine as to any of the jobs what original time and material records appellant had before him when the exhibit was prepared.

Appellant did not even state that at the time he made up the exhibit, the details of the work he had done were fresh in his memory. If he had made that assertion, cross-examination by appellees' counsel undoubtedly would have clarified the question of whether or not the facts were fresh in appellant's memory at that time. In the absence of evidence showing freshness of memory at the time the exhibit was prepared, the requirements of the rule for use of the writing by appellant were not met. The trial judge did not err in forbidding its use.

Appellant contends that the judge made his ruling on this matter on the basis of what was the best evidence relating to appellant's second claim, and that this was a misinterpretation or misapplication of Civil Rule 43(g) (9). It is true that the judge did say the original records might well meet the requirements of the rule. We believe that all the judge was saying here, in effect, was that original records prepared contemporaneously with the work probably would have satisfied the rule because they would have been writings prepared by appellant either at the time the fact occurred, or immediately thereafter, or at a time when the fact was fresh in appellant's memory. The judge did not say that the exhibit involved could not have been used by appellant to refresh his memory if it had been shown that it had also been prepared when the fact was fresh in appellant's memory.

Appellant also contends that under subdivision [b] of Civil Rule 43(g) (9) the judge should have permitted appellant to testify as to the writing, and that he committed error in not allowing this. What we have already said as to the requirements of subdivision [a] not having been met apply here. Subdivision [b] states that "a witness may also testify from· *such* a writing even though he retains no recollection of the particular facts." [Emphasis added.] "Such a writing", refers back to [a], and necessitates that the writing be one which was prepared either at the time the fact occurred, or immediately thereafter, or at any other time when the fact was fresh in the memory of the witness. As we have held, the freshness of memory prerequisite

356

was not shown, so subdivision [b], as well as [a], has no application.

Appellant's last point is that it was error to dismiss the second claim of his complaint. The judge correctly ruled that the exhibit, which may have tended to establish the claim, could not be utilized under Civil Rule 43(g) (9). There was no other evidence relating to that claim. Dismissal under these circumstances was inevitable.

The judgment dismissing appellant's second claim is affirmed.